# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

April 14, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEORGE K. SPEICHER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0794** (BOR Appeal No. 2049306)
                          (Claim No. 2003042692)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEIRTON STEEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George K. Speicher, by James T. Carey, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 18, 2014, in which the Board affirmed a March 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 10, 2012, decision to deny the request to reopen Mr. Speicher's claim for an additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Speicher, a steel worker for Weirton Steel Corporation, was working on September 18, 2002, when he jammed his head on a low hanging light fixture. After the injury, he was diagnosed with a cervical strain. On March 5, 2003, Mr. Speicher filed for workers' compensation benefits. On September 25, 2003, Mr. Speicher reported to Joseph E. Grady, M.D., for an independent medical evaluation. Dr. Grady found that he had reached his maximum degree of medical improvement and suffered from 11% whole person impairment. On October 16, 2003, the claims administrator granted Mr. Speicher an 11% permanent partial disability award. In December of 2007, it became apparent that Mr. Speicher required a C6-7 anterior cervical discectomy and plate instrument fusion. Mr. Speicher's surgeon, Peter C. Gerszten, M.D., opined the surgery was necessary due to his September 18, 2002, injury and should be covered under the claim.

Mr. Speicher requested authorization for the discectomy and fusion seven times between June of 2008 and May of 2011. The claims administrator determined that the surgery should not be covered under the claim on November 11, 2011. The Office of Judges disagreed, reversed the claims administrator, and approved the surgery on June 13, 2012. Based upon the newly approved surgery, Mr. Speicher requested another permanent partial disability evaluation. The claims administrator denied the request on December 10, 2012, because it determined the application was not timely filed under West Virginia Code § 23-4-16(a)(2) (2005).

The Office of Judges affirmed the claims administrator's decision in its March 12, 2014, Order. It found that Mr. Speicher's request to reopen his case for further permanent partial disability benefits was not timely filed and therefore, was properly denied by the claims administrator. The Office of Judges noted that under West Virginia Code § 23-4-16(a)(2), after an award of permanent partial disability has been made, the claimant has five years from the date of the initial award to file any reopening requests. The Office of Judges noted that on October 16, 2003, Mr. Speicher was granted a permanent partial disability award, which started the five year time limit. Because Mr. Speicher's request to reopen his claim for permanent partial disability benefits was not filed until September 14, 2012, the Office of Judges determined that the claims administrator did not err in rejecting his request. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on August 18, 2014.

After review, we agree with the conclusions of the Office of Judges and Board of Review. In Syllabus Point 5 of *Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, 592, 775 S.E.2d 458, 473 (2015), this Court held that:

> When a workers' compensation claimant (1) receives an award of permanent partial disability (PPD) for an initial workplace injury; (2) timely files a reopening request pursuant to W. Va. Code § 23–4–16(a)(2) (2005) (Repl. Vol. 2010) seeking to add an additional, related injury to his/her claim; (3) such additional injury is ruled compensable; and (4) the Commission, or other named party, fails to refer the claimant for a PPD evaluation in accordance with W. Va. Code § 23–4–7a(f) (2005) (Repl. Vol. 2010), the claimant may request a PPD evaluation referral even if the time period for

reopening the initial claim, contemplated by W. Va. Code § 23–4–16(a)(2), has expired.

The case at bar does not meet the narrow exception set forth in *Hammons*. Mr. Spiecher did not seek to add an additional or related injury to his claim. He only sought authorization for surgery. As a result, there was no decision issued as to a new condition's compensability. The Commission was not required in this instance to refer Mr. Spiecher for a permanent partial disability evaluation because his temporary total disability benefits only ran for fifty-five days. West Virginia Code § 23-4-7a(f) requires that they run for 120 days before the claimant must be referred for an new independent medical evaluation. Because Mr. Spiecher did not meet steps two, three, or four of Syllabus Point 5 of *Hammons*, he is not eligible for another permanent partial disability evaluation under *Hammons*. Therefore, the denial of another permanent partial disability evaluation is affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to refer Mr. Speicher for a permanent partial disability evaluation consistent with this decision.

Affirmed.

**ISSUED: April 14, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Margaret L. Workman